IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RHIANNA LOUIS,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>OLD DOMINION FREIGHT LINE, INC., and  )<br>BRANDON RATHBURN,  )<br>  )<br>  Defendants.  )<br>  ) | Case No. 3:22-cv-00643<br><br>**JURY TRIAL DEMANDED** |

## JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C § 1441, et seq., Defendants Old Dominion Freight Line, Inc. and Brandon Rathburn file their Joint Notice of Removal of this lawsuit originally filed in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, Cause No.: 21-L-1224, and in support state:

1. This is a civil action over which this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441 et seq.

2. On or about December 16, 2021, Plaintiff Rhianna Louis initiated this action by filing her Complaint in St. Clair County Circuit Court. Plaintiff's Complaint alleges Plaintiff was injured in a motor vehicle accident that occurred on December 18, 2019 and involved Defendants Old Dominion Freight Line, Inc. and Brandon Rathburn. (*See* Ex. A, Plaintiff's Complaint).

3. Under diversity jurisdiction, an amount in excess of $75,000, exclusive of interest and costs, must be in controversy and there must be complete diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity of citizenship means that "none of the parties on either side of the litigation

may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997).

4. Plaintiff Rhianna Louis pleads she is a resident of the State of Illinois. (*See* Ex. A, ¶1). Matters alleged in the complaint are binding admissions. *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)(citations omitted). Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain. *Bontkowski v. Smith*, 305 F.3d 757 (7th Cir. 2002). Plaintiff purchased real property at 8858 Botanical Avenue, Caseyville, Illinois 62232 in 2020. (*See* Ex. B, Certified Copy of Warranty Deed, St. Clair County Recorder of Deeds). As a public record, this Court can properly take judicial notice of Plaintiff's Warranty Deed. *Doss v. Clearwater Title, Co.*, No. 06 C 6170, 2007 U.S. Dist. LEXIS 28187, at *7 (N.D. Ill. Apr. 17, 2007). Plaintiff has admitted she is a resident of Illinois, purchased property in Illinois, and therefore has indicated an intent to remain in Illinois and is domiciled in Illinois.

5. Plaintiff has properly pled that Defendant Brandon Rathburn is a resident of the State of Indiana. (*See* Ex. A, ¶3). Defendant Brandon Rathburn is a citizen of the State of Indiana and, therefore, domiciled in Indiana. (*See* Ex. C, Declaration of Brandon Rathburn).

6. A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State of foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The phrase principal place of business refers to the place where a corporation's high-level officers direct, control and coordinate the corporation's activities. *Hertz Corp. v. Friend*¸ 559 U.S. 77, 78, 95-96 (2010).

7. Plaintiff has properly pled that Defendant Old Dominion Freight Line, Inc. is a Virginia corporation. (*See* Ex. A, ¶2). Defendant Old Dominion Freight Line, Inc. is incorporated in Virginia and its principal place of business is located in North Carolina. (*See* Ex. D, Declaration of Old Dominion Freight Line, Inc.). Because Defendant Old Dominion Freight Line, Inc. is

incorporated in Virginia and its principal place of business is located in North Carolina, Defendant Old Dominion Freight Line, Inc. is a citizen of the States of Virginia and North Carolina.

8. Plaintiff Rhianna Louis is a citizen of a state that is different than all Defendants and no defendant is a citizen of the forum state. (*See* Exs. A, B, C, D). Therefore, this is an action between citizens of different states and jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 82 (2005) (holding that defendant may remove an action on the basis of diversity if there is complete diversity between all named parties and no defendant is a citizen of the forum state).

9. Federal Courts "shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states." 28 U.S.C. § 1332(a)(1). To remove an action based on federal diversity jurisdiction, a defendant need only "set out the basis of federal jurisdiction and prove any contested factual allegation." *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). If the complaint alleges an amount of damages, that amount "controls unless recovering that amount would be legally impossible," but when the complaint omits an amount of damages, "the size of the claim must be evaluated in some other way." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006). When the complaint does not establish the amount in controversy, the defendant may present admissions in state court. *Meridian Security Insurance Co.*, 441 F.3d at 541-42.

10. Under 28 U.S.C. § 1446(b), "notice of removal…shall be filed within thirty days after receipt by the defendant….of a copy of the initial pleading." 28 U.S.C. § 1446(b). Furthermore, under 28 U.S.C. § 1446(b):

> If the case stated by the initial pleading is not removable, notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by 1332 of this title more than one year after commencement of the action.

28 U.S.C. § 1446(b).

11. Plaintiff's Complaint requests damages "in excess of $50,000," but does not allege with specificity whether Plaintiff's damages exceed $75,000. (*See* Ex. A, Count I, ¶19, Count II, ¶17). Defendants Old Dominion Freight Line, Inc. and Brandon Rathburn filed Answers to Plaintiff's Complaint on or about January 24, 2022. More than thirty days have elapsed since Defendants were served with the initial pleading pursuant to 28 U.S.C. § 1446(b).

12. Since Plaintiff's initial pleading in state court did not establish whether the amount in controversy was over $75,000, Defendants served discovery on Plaintiff. Defendant Old Dominion Freight Line, Inc. served its First Request for Admissions to Plaintiff on February 7, 2022. (*See* Ex. E, Certificate of Service of Old Dominion's First Request for Admissions). Plaintiff served her responses on March 7, 2022. (*See* Ex. F, Certificate of Service of Plaintiff's Responses to Defendant Old Dominion Freight Line, Inc's First Request for Admissions). Plaintiff admitted that her damages, and the amount in controversy, exceeds $75,000. (*See* Ex. G, Plaintiff's Responses to Defendant Old Dominion Freight Line, Inc's First Request for Admissions, #1 – 2).

13. Plaintiff served her responses admitting the amount in controversy exceeds $75,000 on March 7, 2022. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C), this Notice of Removal is timely filed within 30 days after defendants received plaintiff's responses and ascertained the amount in controversy exceeded $75,000.

14. This civil action is between citizens of the States of Illinois, Indiana, Virginia and North Carolina. Further, as demonstrated by plaintiff's discovery responses, the amount in controversy exceeds $75,000. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

15. Both Defendants, through their undersigned counsel, have consented to the removal of this case to Federal Court.

16. Venue is proper in the U.S. District Court for the Southern District of Illinois, pursuant to 28 U.S.C. § 1441, because this action was originally filed in St. Clair County, Illinois, which is included in this Court's judicial area.

17. Attached as Exhibit H is a true and correct copy of all process, papers, exhibits, pleadings and orders filed with the state court in this action.

18. Attached as Exhibit I is a copy of the civil cover sheet in this matter.

WHEREFORE, Defendants Old Dominion Freight Line, Inc. and Brandon Rathburn pray that the above-captioned matter be removed from the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois.

/s/ Joseph R. Swift
Joseph R. Swift #6197877
BAKER STERCHI COWDEN & RICE, LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102
314-345-5000
jswift@bscr-law.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of March, 2022 the foregoing was filed electronically with the Clerk of the United States District Court for the Southern District of Illinois by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


Ryan J. Mahoney
CATES MAHONEY, LLC
216 West Pointe Drive, Suite A
Swansea, IL 62226
rmahoney@cateslaw.com
*Attorney for Plaintiff*

					/s/ Joseph R. Swift